# EXHIBIT A

Clerk of the Superior Court
*** Electronically Filed ***
A. Nasui, Deputy
4/22/2025 9:19:00 AM
Filing ID 19713750

THE LAW OFFICE OF
TIMOTHY M. COLLIER, PLLC

**Law Office of Timothy M. Collier, PLLC**
3295 North Drinkwater Blvd., Suite 9
Scottsdale, Arizona 85251
Phone (480) 248-0657 Fax (480) 718-8759
Timothy M. Collier, Bar No. 30431
William A. Weber, Bar No. 034718
Vishal C. Gupta, Bar No. 038574
E-mail Address: timothy.collier@tmcollierlaw.com
E-mail Address: william.weber@tmcollierlaw.com
E-mail Address: vishal.gupta@tmcollierlaw.com

*Attorneys for Plaintiff Bathsheba Nichole Adams*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| BATHSHEBA NICHOLE ADAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KIEWIT INFRASTUCTURE WEST CO., a Delaware corporation doing business as KIEWIT CORPORATION; CORPORATIONS I-X; LIMITED LIABILITY COMPANIES I-X; and JOHN AND JANE DOES I-X,<br><br>Defendants. | Case No. CV2025-014226<br><br>**VERIFIED COMPLAINT** |

NOW COMES, Plaintiff, Bathsheba Nichole Adams, an individual ("**Plaintiff**"), and complaining against Kiewit Infrastructure West Co., a Delaware corporation doing business Kiewit Corporation ("**Defendant**"), states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. At all relevant times, and through and the including the present time, Plaintiff resides in the State of Arizona, Maricopa County.

2. All allegations set forth herein by Plaintiff took place in the State of Arizona,

Maricopa County out of which these claims arise, such that they are subject to this Court's jurisdiction.

3. At all relevant times, and through and including the present time, Defendant, with its principal place of business in Delaware, and having a statutory agent located in Phoenix, Arizona, did and does substantial business in the State of Arizona and the County of Maricopa.

4. Corporations I-X; Limited liability Companies I-X; John and Jane Does I-X, are fictitiously named Defendants who are officers, employees, agents, servants, representatives, principals, subsidiaries, and/or affiliates of one or more Defendants, and who have committed wrongful acts and are either joint or concurrent malfeasors with the specifically named Defendants, and who acting in both their individual and/or official capacities are, therefore, also jointly and severally liable for such acts or omissions. Plaintiff requests leave of this Court to amend this Complaint to join these Defendants and to assert their true names and capacities when the same have been ascertained.

5. Upon information and belief, Defendants may be vicariously liable for all misconduct, including but not limited to employees, volunteers, members, shareholders, agents, mangers, and owners, pursuant to the doctrine of *respondeat superior* unless one or all were acting outside the scope of their authority as expressed by the Defendants.

6. At all times material hereto, each Defendant mentioned herein, or that may be added later, may have been acting in concert, both as an agent and a principal, for and on behalf of any or all of the other Defendants, thus making all Defendants jointly and severally liable for the damages alleged herein.

7. All actions, transactions, omissions, and occurrences complained of herein occurred

in Maricopa County, State of Arizona.

8. Jurisdiction and venue are proper in this Court pursuant to A.R.S. §§ 12-123 and 12-401.

## GENERAL ALLEGATIONS

9. Plaintiff is a former actress, model, and music artist who transitioned to a career in construction after being diagnosed with breast cancer and leaving the entertainment industry.

10. In addition to her construction work, Plaintiff is a dedicated humanitarian, focusing her efforts on providing services for foster children.

11. During Plaintiff's employment with Defendant, Plaintiff endured multiple alarming incidents involving Defendant's foreman, Robert Young ("**Young**"), who subjected Plaintiff to ongoing harassment and retaliation.

12. On or about April 16, 2024, Young inappropriately questioned Plaintiff about her marital status, asking if she was married to a boy or a girl.

13. Upon learning Plaintiff was married to a woman, Young commented on Plaintiff's voice, disclosed Plaintiff's personal information to coworkers, and made inappropriate remarks about another former coworker's sexual orientation.

14. On or about April 17, 2024, Young inquired about Plaintiff's ethnicity, asking whether she was Mexican, Indian, or Black.

15. After Plaintiff responded, Young expressed surprise that Indians could be gay and made a sexist comment, stating that women could never be as strong as men in construction.

16. On the same day, Young accused Plaintiff of intending to steal ice, despite her having no such intention.

17. On or about April 18, 2024, Young made a derogatory comment about what a gay man would feed his horse, mockingly saying "hayyyyy" in a stereotypical feminine voice in front of Plaintiff and another coworker.

18. On or about April 22, 2024, Young inappropriately questioned whether Plaintiff was a girl or a boy and asked about her pronoun use.

19. Plaintiff firmly responded, telling Young never to ask such questions again and affirming her identity as a woman.

20. On or about April 24, 2024, Plaintiff was wrongfully terminated for requesting a reasonable accommodation to avoid working night shifts.

21. Plaintiff recorded the incident and protested, leading to her reinstatement.

22. Plaintiff subsequently faced retaliation and harassment from Young beginning the very same day when Plaintiff requested to be certified on a forklift. While Young initially agreed, he excluded Plaintiff's name from the certification list in retaliation for her protest.

23. On or about April 25, 2024, Young exposed Plaintiff to a chemical without providing any warning or safety information, causing Plaintiff to experience an allergic reaction that affected her nose, throat, and breathing.

24. As a cancer survivor with a compromised immune system, Plaintiff was particularly vulnerable to such exposure, which Young was aware of but ignored.

25. On the same day, Young made further derogatory comments about not being able to have sexual relations with "fat girls" and expressed disgust at the thought of watching two men have sex, which was overheard by a coworker.

26. On or about April 28, 2024, Young referenced the TV show "The Walking Dead"

and stated he would have shot a character named Andrea for “talking too much.”

27. The remark regarding the character named Andrea for “talking too much” was a thinly veiled threat directed at Plaintiff.

28. The following day, Young acted out this scenario by holding up what Plaintiff describes as a work machine gun to Plaintiff's forehead and saying "bang."

29. This act placed Plaintiff in immediate fear for her life and caused her significant emotional distress, including nightmares and PTSD.

30. Plaintiff reported this incident.

31. Defendant would later describe the work machine gun as a Milwaukee concrete chipping hammer.

32. A Milwaukee concrete chipping hammer has the same shape as a typical machine gun.

33. Although a Milwaukee concrete chipping hammer may not shoot bullets, it is still capable of causing severe physical injury or death when directed at someone’s head.

34. On or about April 29, 2024, Young falsely wrote up Plaintiff for being absent when she was in the bathroom.

35. While Plaintiff was using a portable toilet, Young instructed colleagues to move it, forcing Plaintiff to rush out and soil her clothes.

36. On or about April 30, 2024, Young accused Plaintiff of costing the company $1,200 due to an error he made in providing instructions.

37. That same day, he yelled at Plaintiff in retaliation for reporting him.

38. During another meeting, Young falsely accused Plaintiff of being combative when

she reported Young's actions, including holding a gun to her head.

39. On or about May 1, 2024, Young left Plaintiff, and her coworker, stranded by the roadside in a dead zone, forcing Plaintiff to hitchhike back to her vehicle.

40. When confronted about leaving Plaintiff stranded, Young used profanity and issued threats against Plaintiff.

41. Defendant is liable for the actions of its employee, Robert Young, under the doctrine of *respondeat superior*.

42. Young, acting as a foreman, engaged in conduct within the course and scope of his employment.

**COUNT I**

**Intentional Infliction of Emotional Distress**

43. Plaintiff incorporates by reference paragraphs 1 through 39 and further alleges, inclusive of this Count I as if fully set forth herein.

44. Young engaged in extreme and outrageous conduct by leaving Plaintiff stranded by the roadside in a dead zone, forcing her to hitchhike back to her vehicle, and subsequently arguing with her using profanity and issuing threats.

45. Young further engaged in extreme and outrageous conduct by instructing colleagues to move a portable toilet while Plaintiff was inside, causing her to rush out prematurely and soil her clothes.

46. Young also engaged in extreme and outrageous conduct by holding a machine gun to Plaintiff's forehead and threatening to shoot her.

47. Young's conduct was intentional and/or reckless, as evidenced by his position of

authority over Plaintiff as foreman and his despicable comments regarding Plaintiff's race, gender orientation, and sexuality, demonstrating his clear disdain for Plaintiff.

48. Young's actions, individually and collectively, have caused Plaintiff to suffer severe emotional distress, including but not limited to anxiety, PTSD, loss of sleep, and other related harms for which Plaintiff is currently under treatment.

**COUNT II**

**Assault and Battery**

49. Plaintiff incorporates by reference paragraphs 1 through 45 and further alleges, inclusive of this Count II as if fully set forth herein.

50. When Young knew Plaintiff was in a portable toilet and told colleagues to move it while she was inside, causing her to rush out prematurely and soil her clothes, Plaintiff was in reasonable apprehension of sustaining a serious physical injury.

51. Holding a machine gun to Plaintiff's forehead and threatening to shoot her, Plaintiff was in reasonable apprehension of being shot and sustaining a serious physical injury.

52. Young's conduct in both instances was intentional, and Plaintiff has been damaged by Young's gross actions.

**COUNT III**

**Punitive Damages**

53. Plaintiff incorporates by reference paragraphs 1 through 49 and further alleges, inclusive of this Count III as if fully set forth herein.

54. Young intended to cause harm, was motivated by spite, and acted in an outrageous manner.

55. Young maintained a position of authority over Plaintiff as the foreman, using that position to demonstrate his clear disdain he had for Plaintiff through his despicable comments regarding her race, gender, sexual orientation, and sexuality.

56. Young's actions, whether solely or collectively, were intended to cause harm, were motivated by spite, and were outrageous.

57. Young did not hide his beliefs about how a relationship should look, his views that women were less capable of performing jobs in construction, and his racial prejudices.

58. Young demonstrated these beliefs by targeting Plaintiff with inappropriate comments in front of others, and then intentionally retaliating against her for her life choices and requests for accommodation.

59. His actions included leaving her stranded, embarrassing her in a portable toilet, and even holding a gun to her head.

**WHEREFORE**, Plaintiff prays for entry of judgment against Defendant as follows:

A. An Order finding Defendant actions constitute Intentional Infliction of Emotional Distress;

B. An Order finding Defendant actions constitute Assault and Battery;

C. An award of punitive damages;

D. An award for compensatory damages in excess of the minimum jurisdictional limits of this Court and according to proof;

E. An award of attorney fees and costs incurred in bringing this action;

F. An award of prejudgment interest on the outstanding amount owed; and

G. For all such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED on this 22nd day of April, 2025.

By [signature]
TIMOTHY M. COLLIER
3295 North Drinkwater, Blvd., Suite 9
Scottsdale, Arizona 85251
*Attorney for Plaintiff*

ORIGINAL of the foregoing E-Filed this 22nd day of April, 2025, to:

Clerk of the Court
Maricopa County Superior Court
201 West Jefferson
Phoenix, AZ 85003

*s/Tremain Davis*
Tremain Davis

**VERIFICATION**

I, Bathsheba Nichole Adams, Plaintiff in the foregoing action, hereby verify that the statements made in the foregoing Verified Complaint are true and correct to the best of my knowledge, information and/or belief. I understand that false statements hereunder made are subject to the penalty of perjury.

Bathsheba Nichole Adams

State of Arizona )
)ss
County of Maricopa )

SWORN AND SUBSCRIBED to me this 22nd day of April, 2024.

Notary Republic

My commission expires: 01/08/2029

TREMAIN L DAVIS
Notary Public - Arizona
Maricopa County
Commission # 676842
My Comm. Expires Jan 8, 2029

TREMAIN L DAVIS
Notary Public - Arizona
Maricopa County
Commission # 676842
My Comm. Expires Jan 8, 2029