UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA

Bathsheba N Adams
7000 N. Cotton LN unit 465
Waddell Az 85355
btcmgmt1@gmail.com
305.684.5402

Bathsheba Nichole Adams,
Plaintiff, v.
Kiewit Infrastructure West Co.;
Kiewit Corporation;
Peter Kiewit Sons', Inc.;
Robert Young;
Melanie Harvey;
Rick Lanoha;
ADOT/FANN Joint Venture Participants; John and Jane Does I–X, Defendants.

X FILED ___ LODGED
___ RECEIVED ___ COPY
APR 24 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ________ DEPUTY

Case No. 2:25-cv-01823-DJH

(Assigned to the Hon. Diane J. Humetewa)

PLAINTIFF'S MOTION FOR LEAVE TO FILE REVISED SECOND AMENDED COMPLAINT

Plaintiff Bathsheba Nichole Adams respectfully moves this Court for leave to file the attached Proposed Revised Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and, to the extent required by the scheduling order, Rule 16(b)(4).

I. Procedural History

Plaintiff filed her Verified Complaint in Maricopa County Superior Court on April 22, 2025. The action was removed to this Court on May 27, 2025 (Dkt. 1). Plaintiff filed her First Amended Complaint on June 17, 2025 (Dkt. 9). Defendant filed its Motion to Dismiss on July 1, 2025 (Dkt. 12). On February 19, 2026, this Court entered its Order (Doc. 32) granting the motion in part and denying it in part. Counts I (Intentional Infliction of Emotional Distress) and II (Assault and Battery) were permitted to proceed. Count III (Negligent Supervision and Training) was dismissed without prejudice. The Rule 16 Scheduling Conference was held on April 14, 2026.

II. Good Cause Exists for the Amendment. April 14, 2026 the court ruled Count I (Intentional Infliction of Emotional Distress) only permitted to proceed.

Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend "should be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has repeatedly emphasized this liberal policy, holding that leave to amend should be granted in the absence of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party is the touchstone of the Rule 15(a) inquiry. *Id.* Because the Rule 16 Scheduling Conference has occurred, Rule 16(b)(4) also requires a showing of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (good cause focuses on the diligence of the party seeking amendment). Plaintiff has been diligent: the additional facts were developed through continued organization of recordings, witness statements, post-employment evidence, and the EEOC Right to Sue Letter after the First Amended Complaint was filed and after the Court's February 19, 2026 Order. The amendments clarify and strengthen the surviving claims with greater specificity and additional supporting factual allegations arising from the same underlying conduct. Plaintiff recently received the EEOC Right to Sue Letter subsequent to the filing of the First Amended Complaint and after the Court's Order and now attaches it as Exhibit D.

III. No Undue Prejudice to Defendant

The proposed amendments arise from the same worksite conduct, management response, and continuing damages already at issue in the surviving claim. The underlying incidents, recordings, police reports, witness categories, post-employment effects, and the EEOC Right to Sue Letter have been disclosed in part through Plaintiff's Initial Disclosures and related materials, and are being supplemented as additional information is organized and produced pursuant to Rule 26(e).

Defendant will suffer no undue prejudice, as the amendment does not introduce entirely new subject matter but instead provides additional detail and support for the same core events and injuries. The amendment will not delay the proceedings or require discovery beyond what is already contemplated. See Eminence Capital, 316 F.3d at 1052

Plaintiff respectfully requests leave to file the attached Proposed Revised Second Amended Complaint as Exhibit A, Plaintiff's First Supplemental Rule 26(a)(1) Initial Disclosures as Exhibit B, Plaintiff's Damages Memorandum as Exhibit C, and Plaintiff's EEOC Right to Sue Letter as Exhibit D.

DATED this 24th day of April, 2026.

Respectfully submitted,

/s/ Bathsheba Nichole Adams
Bathsheba Nichole Adams
Plaintiff, Pro Se
7000 North Cotton Lane, Unit 465
Waddell, Arizona 85355 (305) 684-5402
btcmgmt1@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, a true and correct copy of the foregoing Motion was served on counsel for defendant via email:

Andrew B. Kleiner, Esq. Joanna Rivers,
Esq.
Husch Blackwell LLP
2415 E. Camelback Road, Suite 500 Phoenix, Arizona
85016-4288 andy.kleiner@huschblackwell.com
joanna.rivers@huschblackwell.com
Attorneys for Defendant Kiewit Infrastructure West Co.

4/24/26

/s/ Bathsheba Nichole Adams
Bathsheba Nichole Adams