**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bathsheba Nichole Adams, | No. CV-25-01823-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Kiewit Infrastructure West Company, et al., | |
| Defendants. | |

On April 24, 2026, *pro se* Plaintiff Bathsheba Nichole Adams ("Plaintiff") filed a Motion for Leave to File Revised Second Amended Complaint (Doc. 38). However, upon review of the Motion, the Court will strike it from the record as non-compliant with the Local Rules of Civil Procedure.

Local Rule of Civil Procedure 15.1(a) provides:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added.

LRCiv. 15.1(a). Plaintiff's proposed complaint attached to her Motion fails to meet the above requirements. (Doc. 4 at 3 ("Any motion or notice that does not comply with the local and federal rules may be stricken by the Court.")).

Additionally, Plaintiff should be aware that she has a duty to meet and confer with Defendants before filing any motion regarding proposed amendments. (*See id.*). There is no indication that such meet-and-confer efforts were undertaken here. Moreover, a

complaint is not an appropriate place to reference legal authority. *See*, *e.g.*, *Williams v. Grannis*, 2007 WL 1113767, at *1 (E.D. Cal. 2007) ("Plaintiff complaint should not contain legal arguments, citations to legal authority, or unnecessary background information."). Instead, Fed. R. Civ. P. 8(a) requires that a complaint allege *facts* sufficient to show that the plaintiff is entitled to relief. Plaintiff has been informed twice now three times that, in proceeding as a *pro se* plaintiff, she has an obligation to familiarize herself with and abide by the Local and Federal Rules of Procedure. Failure to do so "may result in sanctions up to dismissal." *Allen v. Quest Online, LLC*, 2011 WL 4403674, at *2 (D. Ariz. 2011); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

On a related note, Plaintiff's filing contained several troubling errors. Plaintiff cited "Ellsworth v. Am. Arbitration Ass'n, 148 Ariz. 17, 19 (App. 1985)" (*see* Doc. 38-1 at 10). However, no such case exists. Instead, there is a case out of Utah regarding whether a plaintiff was bound by an arbitration agreement. *See Ellsworth v. Am. Arb. Ass'n*, 148 P.3d 983 (Utah 2006). Similarly, no 9th Circuit case named "Aguilar v. ASARCO" exists at 780 F.3d 1101. (*See* Doc. 38-1 at 17–18); *see Lary v. Trinity Phys. Fin. & Ins. Services*, 780 F.3d 1101 (11th Cir. 2015). These hallucinations allow the Court to infer that Plaintiff prepared her filing with the use of generative artificial intelligence ("AI"). While the use of such a tool is not necessarily problematic, the failure to confirm the accuracy of the filing is. Rule 11 requires either a party or an attorney to sign every pleading, motion, or other paper and provides that this signature constitutes a certificate that the signer has read the document and verified its accuracy. *See* Fed. R. Civ. P. 11. This duty includes ensuring that all citations are accurate as well as any quoted portions or descriptions of the referenced case. Plaintiff's *pro se* status does not relieve her of this requirement. *See Federal Trade Comm'n v. James D Noland, Jr.*, 2026 WL 879369, at *3 (D. Ariz. 2026).

Plaintiff is now on notice that the use of hallucinated cases or the filing of documents with related inaccuracies will result in sanctions. *Ghadimi v. Arizona Bank & Trust*, 2025 WL 2928933, at *4 (D. Ariz. 2025) ("[W]hether [the plaintiff] used artificial intelligence

or simply imagined the cases himself, filing documents that contain such cases results in confusion and unnecessary work for opposing parties and the court.  In the future, filing documents with fictitious cases will subject [the plaintiff] to sanctions under Rule 11.”).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Revised Second Amended Complaint (Doc. 38) is **STRICKEN** from the record.

Dated this 29th day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge